**UNITED STATES of America, Plaintiff–Appellee**

**v.**

**Jose ARIAS–HERNANDEZ, also known as Juan Carlos Sanchez–Camacho, Defendant–Appellant.**

United States of America,
Plaintiff–Appellee

v.

Jose Arias–Hernandez, Defendant–
Appellant.

Nos. 10–50298, 10–50299
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 23, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, M. Carolyn Fuentes, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and
SMITH and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Carlos Arias–Hernandez (Arias) appeals the 72–months sentence imposed by the district court following his guilty plea to illegal reentry and the consecutive 18–month sentence imposed upon revocation of his supervised release. Although Arias argues that both sentences are substantively unreasonable, he does not argue that the district court made a procedural error in determining his advisory sentencing range. See United States v. Delgado–Martinez, 564 F.3d 750, 752–53 (5th Cir. 2009) (explaining the bifurcated analysis under which this court reviews a sentence). Because Arias did not object to either

sentence in the district court, his challenge to the substantive reasonableness of the sentences is reviewed for plain error only. See United States v. Peltier, 505 F.3d 389, 391–92 (5th Cir.2007); United States v. Jones, 484 F.3d 783, 792 (5th Cir.2007). Arias's argument that Peltier is no longer good law and that an objection was not necessary to preserve his challenge is unavailing. See, e.g., United States v. Ruiz, 621 F.3d 390, 398 (5th Cir.2010).

The substantive reasonableness of a sentence is reviewed in light of the sentencing factors in 18 U.S.C. § 3553(a). United States v. Mares, 402 F.3d 511, 519–20 (5th Cir.2005). A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable. United States v. Campos–Maldonado, 531 F.3d 337, 338 (5th Cir.2008).

Even if Arias is correct in his argument that U.S.S.G. § 2L1.2 is not empirically grounded, such does not necessarily render his sentence unreasonable. See United States v. Mondragon–Santiago, 564 F.3d 357, 366–67 (5th Cir.), cert. denied, — U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). Additionally, this court has rejected the argument that double counting of prior convictions necessarily renders a sentence unreasonable. See United States v. Duarte, 569 F.3d 528, 529–31 (5th Cir.), cert. denied, — U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009).

As to Arias's argument that there existed other factors warranting a lower sentence, Arias advances no persuasive reason for this court to disturb the district court's choice of sentence. See United States v. Gomez–Herrera, 523 F.3d 554, 565–66 (5th Cir.2008). Although the instant offense was not necessarily a crime of violence,

---

Arias has a history of repetitive criminal conduct, including alien smuggling. The district court's choice of sentence upon revocation also was within the court's discretion. *See United States v. Davis,* 602 F.3d 643, 647 n. 5 (5th Cir.2010); *see also United States v. Gonzalez,* 250 F.3d 923, 929 (5th Cir.2001).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.